Tracy L. Mainguy, Bar No. 176928
Operating Engineers Local Union No. 3 Trust Funds- Multi-Services
1620 South Loop Road
Alameda, CA 94502
(510) 748-7474

Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| GIL CROSTHWAITE, JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHONY BRIAN MINIX, et al., <br><br> Defendants. | Case No.: C 05-00551 SI <br><br> **STIPULATION TO VACATE ORDER OF DISMISSAL UPON SETTLEMENT; [PROPOSED] ORDER THEREON** |

//////

Plaintiffs and Defendant and Cross-Complainant AMERICAN CONTRACTORS INDEMNITY COMPANY ("Surety") stipulate and agree as follow:

## FACTUAL AND PROCEDURAL HISTORY

1. Defendant ANTHONY BRIAN MINIX, individually and doing business as MINIX EXCAVATORS ("MINIX"), a contractor, is signatory to a collective bargaining agreement with the Operating Engineers Local Union No. 3 ("Union"). Plaintiffs filed the above-captioned suit against MINIX, alleging that it failed to pay fringe benefit contributions on behalf of its employees with respect to work covered by its collective bargaining agreement with the Union that was performed on various jobs. MINIX is a contractor holding California State Contractor's License No. 425005. Surety issued Contractor's Bond No. 9064718 in relation to the license held by MINIX.

2. The Complaint seeks damages from MINIX for contributions in the amount of $8,792.83 and liquidated damages and interest in the amount of $2,014.51, based on hours of work reported to, but not paid to, the Trust Funds. The Complaint also seeks damages, pursuant to California Business and Professions Code Section 7071.10(4), in the amount of $4,000.00 from Surety for payment of the claim for the above-referenced unpaid contributions made against the contractor's bond posted in relation to MINIX'S California Contractor's license.

3. MINIX did not answer or otherwise respond to the complaint. Therefore, on May 17, 2005, Plaintiffs requested that default be entered against MINIX. Surety filed an answer to the complaint alleging thirty affirmative defenses to the action.

4. On March 22, 2005, Surety also filed a cross-complaint against MINIX pursuant to the indemnification agreement MINIX signed on or about October 17, 2002. Surety served MINIX with the cross-complaint on May 23, 2005. MINIX's answer was due June 13, 2005. MINIX failed to respond to the cross-complaint. At the request of Surety, default was entered against MINIX as to the cross-complaint on June 21, 2005.

STIPULATION TO VACATE ORDER OF DISMISSAL UPON SETTLEMENT; [PROPOSED] ORDER THEREON;
Case No.: CV 05-0053 SI

- 2

5. The Court held a case management conference on June 10, 2005. Plaintiffs and Surety appeared at the conference. MINIX did not appear. In light of the probability that Plaintiffs and Surety would settle the cause of action alleged by Plaintiffs against Surety, the Court continued the case management conference until July 8, 2005. The Court stated that if the Plaintiffs and Surety resolved their dispute, then they could notify the Court of such, and request a removal of the continued case management conference from the Court's calendar. The Court also instructed the Surety and Plaintiffs to notice their respective motions for entry of default judgment against MINIX for hearing on the same date.

6. Plaintiffs and Surety settled the cause of action against Surety for enforcement of the contractors license bond claim filed by Plaintiffs. As directed by the Court, the Plaintiffs and Surety filed a Stipulation To Remove the Case Management Conference From Calendar In Light Of Settlement Agreement; [Proposed] Order Thereon on July 1, 2005. In addition to stipulating that the case management conference scheduled for July 8th be removed from the Court's calendar, Plaintiffs and Surety agreed that their respective motions for default judgment would be noticed for hearing on September 9, 2005 at 9:00 a.m. A true and accurate copy of the Stipulation is attached hereto as Exhibit "A".

7. The Court phoned Plaintiffs' Counsel and informed her that the case management conference scheduled for July 8, 2005 had been removed from the calendar and that the Court entered an order of dismissal.

8. Plaintiffs and Surety then learned that the above-captioned matter was not merely dismissed as to the settling parties, Plaintiffs and Surety, but rather, that the entire case, including both parties claims against MINIX had been dismissed, apparently in error, by the Court in its ORDER OF DISMISSAL UPON SETTLEMENT dated July 8, 2005. A true and accurate copy of the Order is attached hereto as Exhibit "B".

/ / / / /

STIPULATION TO VACATE ORDER OF DISMISSAL UPON SETTLEMENT; [PROPOSED] ORDER THEREON;
Case No.: CV 05-0053 SI

- 3

9. Plaintiffs realized that the entire matter had been dismissed when closely reviewing the Order while drafting the motion for entry of default judgment by Court against MINIX. At that time, Plaintiffs also realized that although they had served the correct individual with the complaint, Plaintiffs inadvertently named Defendant "Anthony Brian Minix", when in fact his name is "Brian Anthony Minix". Surety, however, has correctly named MINIX in its cross-complaint and has properly served MINIX.

10. In light of the dismissal of the matter and clerical error relating to MINIX's name in Plaintiffs' original complaint, Plaintiffs contacted Surety who also realized the entire matter was dismissed as Surety prepared its motion for entry of default judgment by court papers against MINIX.

11. Both Surety and Plaintiffs intend to pursue judgments against MINIX for the amounts sought in their complaint and cross-complaint, respectively.

12. Accordingly, Plaintiffs and Surety respectfully request that the Court vacate its Order dated July 8, 2005 and re-open the matter.

## STIPULATION

13. The Plaintiffs and Surety stipulate that if the Court vacates its Order Of Dismissal Upon Settlement dated July 8, 2005, then Plaintiffs may file their amended complaint correcting the clerical error in the name of the Defendant MINIX within five days of the date the Court enters its order vacating the dismissal. Plaintiffs agree to serve the amended complaint when it is filed, and request entry of default against Defendant MINIX if it is not answered within ten days of the date of service.

14. Surety does not need to file an Amended Cross-Complaint, because the original Cross-Complaint named MINIX correctly and was properly served.

15. Plaintiffs and Surety further agree to notice their respective motions for entry of default judgment for hearing on the same mutually agreeable date to be selected on the date that

the Defendant MINIX's answer to Plaintiffs' First Amended Complaint is due, in the event that the Defendant MINIX fails to answer the First Amended Complaint.

RESPECTFULLY SUBMITTED,

Dated: 8/29/05

LANAK & HANNA, P.C.
By: _____
Donna B. Noushkam
Attorneys for Defendant AMERICAN CONTRACTORS INDEMNITY COMPANY

Dated: 8/29/05

By: _____
Tracy L. Mainguy
Attorney for Plaintiffs OPERATING ENGINEERS LOCAL UNION NO. 3 TRUST FUNDS

## ORDER

Based upon the foregoing Stipulation, and good cause appearing, the Court's Order Of Dismissal Upon Settlement is vacated. The matter is restored to the calendar for further proceedings. Plaintiffs are granted leave to file their First Amended Complaint to correct the clerical error in Defendant MINIX's name. The First Amended Complaint shall be filed within five days of the date of entry of this Order. Plaintiffs are ordered to serve the First Amended Complaint upon its filing with the Court. In the event that the Defendant MINIX does not respond to the First Amended Complaint, Plaintiffs and Surety agree to notice their respective motions for entry of default judgment by Court for hearing on the same date.

Dated:

_____
SUSAN ILLSTON
HON. U.S. DISTRICT COURT JUDGE

```
 1 │ Tracy L. Mainguy, Bar No. 176928
   │ Operating Engineers Local Union No. 3 Trust Funds- Multi-Services
 2 │ 1620 South Loop Road
   │ Alameda, CA 94502
 3 │ (510) 748-7474
 4 │ Attorney for the Plaintiffs
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| GIL CROSTHWAITE, JOHN BONILLA, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., | ) Case No.: C 05-00551 SI ) ) STIPULATION TO REMOVE CASE ) MANAGEMENT CONFERENCE FROM ) CALENDAR IN LIGHT OF ) SETTLEMENT AGREEMENT; ) [PROPOSED] ORDER THEREON |
|---|---|
| Plaintiffs, vs. | |
| ANTHONY BRIAN MINIX, et al., | ) Date: July 8, 2005 ) Time: 2:30 p.m. ) Place: Courtroom 10, 19th Floor, 450 Golden ) Gate Ave, San Francisco, CA |
| Defendants. | |

//////

STIPULATION TO REMOVE CASE MANAGEMENT CONFERENCE FROM CALENDAR; [PROPOSED]
ORDER THEREON;
Case No.: CV 05-0053 SI

- 1 -


EXHIBIT A

1  Plaintiffs and Defendant AMERICAN CONTRACTORS INDEMNITY COMPANY
2  ("Surety") hereby stipulate and agree to remove the case management conference scheduled for
3  July 8, 2005 at 2:30 p.m. from the Court's calendar. The parties verbally agreed to settle the
4  matter. Plaintiffs are awaiting the settlement check from Surety. Upon receipt of the check,
5  which Surety represented would arrive within next few days, Plaintiffs agree to dismiss Surety
6  from the action with prejudice. The Plaintiffs and Surety also agree to notice their respective
7  motions for entry of default judgment for hearing on September 9, 2005 at 9:00 a.m.
8  Respectfully submitted,

10 Dated: 7/1/05

LANAK & HANNA, P.C.
By: _____
Donna B. Noushkam  & Cross-Complainant
Attorneys for Defendant AMERICAN
CONTRACTORS INDEMNITY COMPANY

14 Dated: 7/1/05

By: _____
Tracy L. Mainguy
Attorney for Plaintiffs OPERATING
ENGINEERS LOCAL UNION NO. 3 TRUST
FUNDS

25 /////

STIPULATION TO REMOVE CASE MANAGEMENT CONFERENCE FROM CALENDAR; [PROPOSED]
ORDER THEREON;
Case No.: CV 05-0053 SI

- 2 -

1  **ORDER**

2  Good cause appearing, the case management conference relating to the above-captioned
3  matter, which is currently calendared for July 8, 2005 at 2:30 p.m., is removed from the calendar.
4  The parties are to notice their respective motions for default judgment by Court for hearing on
5  September 9, 2005.

6
7  Dated:



SUSAN ILLSTON
HON. UNITED STATES DISTRICT JUDGE

GRANTED
Judge Susan Illston

STIPULATION TO REMOVE CASE MANAGEMENT CONFERENCE FROM CALENDAR; [PROPOSED] ORDER THEREON;
Case No.: CV 05-0053 SI
- 3 -

Case 3:05-cv-00551-SID Document 125 Filed 08/30/2005 Page 9 of 11
Case 3:05-cv-00551-SI Document 23 Filed 07/08/2005 Page 1 of 1

12481

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GIL CROSTHWAITE,

    Plaintiff,

v.

ANTHONY B MINIX,

    Defendant.

No. C 05-00551 SI

**ORDER OF DISMISSAL UPON SETTLEMENT**

    The parties to the action, by their counsel, have advised the court that they have agreed to a settlement.

    IT IS HEREBY ORDERED that this matter is DISMISSED WITH PREJUDICE. However, that if any party hereto certifies to this court, with proof of service of a copy thereon on opposing counsel, within ninety days from the date hereof, that settlement has not in fact occurred, the foregoing order shall be vacated and this cause shall forthwith be restored to the calendar for further proceedings.

Dated: 7/8/05

                            SUSAN ILLSTON
                            United States District Judge



EXHIBIT B

```
 1  LANAK & HANNA, P.C.
    400 North Tustin Avenue, Suite 120
 2  Santa Ana, CA 92705-3815
    Tel: 714-550-0418; Fax: 714-550-7603
 3

 4  By:    DONNA B. NOUSHKAM, Bar No. 232716

 5  Attorneys for Defendant and Cross-Complainant,
    AMERICAN CONTRACTORS INDEMNITY COMPANY
 6
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., | No. C 05-00551 SI |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| ANTHONY BRIAN MINIX, et al., | |
| Defendants. | |

I am a citizen of the United States and an employed in the County of Orange, State of California. I am over the age of 18 years and not a party to this action. My business address is 400 North Tustin Avenue, Suite 120, Santa Ana, California 92705-3815.

On August 29, 2005, I served the following document(s) described as:

- STIPULATION TO VACATE ORDER OF DISMISSAL UPON SETTLEMENT; [PROPOSED] ORDER THEREON

///
///
///
///
///

**CERTIFICATE OF SERVICE**

on the interested parties in this action by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, to be placed for deposit at 400 North Tustin Avenue, Suite 120, Santa Ana, California, with the United States Postal Service, addressed as follows:

Tracy L. Mainguy, Esq.
Operating Engineers Local Union No. 3 Trust Funds
1620 South Loop Road
Alameda, CA 94502

Anthony Brian Minix dba
Minix Excavators
1107 Hayes Street
Fairfield, CA 94533

I am familiar with the regular mail collection and processing practices of Lanak & Hanna, P.C., that the mail is deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on the above date following ordinary business practices.

I certify under penalty of perjury that the above is true and correct. Executed this 29th day of August, 2005.

/s/ Ana Horta
Ana Horta